1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  MARK LOHMAN, ) | CASE NO. 09-cv-08992-JFW (OPx) |
| 12               Plaintiff, ) | **STIPULATED PROTECTIVE ORDER** |
| 13     vs. ) | [Link Dkt. No. 29] |
| 14  CREDIT COLLECTION SERVICES, ) | |
| 15               Defendants. ) | |

23          The parties hereto, by their respective counsel, having upon the terms and

24   conditions of a confidentiality and protective order, it is therefore

25          **ORDERED** that pursuant to Fed. R. Civ. P., Rule 26 (c), the following

26   provisions shall govern the handling of such confidential information and

27   documents in this action:

28   / / /

1

1     **1.    Definitions**

2     For purposes of this Order:

3     (a) "confidential information" means information which
4     the designating party deems to constitute trade secrets, know-how, proprietary data
5     and/or commercial or financial information which the designating party has
6     maintained in confidence.  It shall be the duty of the party who seeks to invoke
7     protection under this Order to give notice, in the manner set forth hereinafter, of the
8     documents and testimony to be covered hereby, and the duty of any other party or
9     person to maintain confidentiality hereunder shall commence with such notice.
10    Material may be marked "highly confidential" if it is for "attorneys eyes only" and
11    independent experts as set forth in paragraph 6(c) of this order.

12    (b) "Producing party" or "designating party" shall mean the party
13    (and its outside counsel) who is producing information to another party and who
14    deems that information confidential.

15    (c) "Inspecting party" or "non-designating party" shall mean the party
16    (and its outside counsel) who receives the confidential information supplied by the
17    producing party.

18    (d) "Outside counsel" shall mean the law firms engaged by the plaintiff
19    and the defendant to represent them in this litigation.

20    (e) "Document" shall mean any "writing", "recording", or
21    "photograph," and any "original" or "duplicate" thereof, as those terms are defined
22    in Rule 1001 of the Federal Rules of Evidence.

23    (f) "Party," in the case of a party to this action which is a corporation,
24    means any officer, director, shareholder or employee of such party, all of whom
25    shall be bound by the provisions of this Protective Order.

26    (g) "Produce" means the transmission of any "document" during the
27    course of and in connection with this litigation, including appeals therefore, to a
28    "party" or its "attorneys," whether voluntary or involuntary, whether pursuant to

1  request or legal process, and whether in accordance with the Federal Rules of Civil
2  Procedure or otherwise.

3      (h) "Person" means, in the plural as well as the singular,
4  any individual, corporation, firm, association, partnership, business trust,
5  government body or any other legal or business entity, unless specified herein to the
6  contrary.

7      **2.    Documents**

8      (a) Documents produced in the course of discovery herein
9  (either formally or informally) which the producing party deems to contain
10 confidential information may be designated as confidential by the producing party
11 and the documents or portions thereof deemed to be confidential which are copied
12 and delivered to counsel for the inspecting party shall be marked
13 "CONFIDENTIAL".

14     (b) The producing party shall designate the document as
15 confidential at the time of its production and/or inspection by the inspecting party.
16 The producing party's failure to do so, however, does not waive its right to
17 designate that document or any portion thereof as confidential, if within thirty (30)
18 days after production, notification is given as to the confidential status of the
19 document.  The post-inspecting party shall have no obligation, responsibility or
20 liability for, or with respect to, any pre-designation dissemination of that document
21 or the information contained therein.

22     **3.    Deposition Testimony**

23     If confidential information is contained in deposition, trial or other testimony,
24 the transcript may be designated as containing confidential information in
25 accordance with this Order by notifying the other party (1) on the record, at the time
26 of the testimony, or (2) in writing, within thirty (30) days of receipt of the transcript
27 of the specific pages and lines of the transcript which contain confidential
28 information.  At any deposition session when outside counsel for a party deems that

06183.00/165005

STIPULATED PROTECTIVE ORDER
CASE NO. CASE NO. 09-cv-08992-JFW (OPx)

1   the answer to a question will result in the disclosure of confidential information

2   within the meaning of this Order, outside counsel may direct that the question and

3   answer be transcribed separately from the remainder of the deposition and if filed

4   with the Court, shall be filed in a sealed envelope marked in the manner set forth in

5   Paragraph "5" hereof.  When such a direction has been given, the testimony shall be

6   disclosed only to those individuals specified in Paragraph "6" hereof.  Outside

7   counsel for the party whose confidential information is involved may also request

8   that all persons other than the reporter, outside counsel, and individuals specified in

9   Paragraph "6" hereof leave the deposition room during the confidential portion of

10  the deposition.  The failure of such other persons to comply with a request of this

11  type shall constitute substantial justification of outside counsel to advise the witness

12  that he need not answer a question seeking the revelation of confidential

13  information.

14      **4.   Interrogatory Answers**

15      If an interrogatory answer contains confidential information, the answer shall

16  be provided in a separate document, appended to the main body of answers and

17  incorporated by reference therein.  The response to the interrogatory in the main

18  body of the answers should be "Requests confidential information, see response in

19  confidential addendum, which response is incorporated fully herein by reference".

20      **5.**    Any confidential information including, transcripts of depositions or

21  portions thereof, exhibits, answers to interrogatories, and responses to requests for

22  admissions which have therefore been designated as comprising or containing

23  confidential information, or any pleading or memorandum or other document

24  purporting to reproduce or paraphrase such information, if filed with the Court, shall

25  be filed in sealed envelopes or other appropriately sealed containers on which shall

26  be endorsed the title of this action, an indication of the nature of its contents, the

27  word "Confidential" and a statement substantially in the following terms:

28      "CONFIDENTIAL. Filed Pursuant to Protective Order by

4

1   _____. Not to be opened nor the contents revealed except (1) to

2   the Court and then resealed, (2) by agreement of the parties, or (3) by

3   prior order of this Court."

4   The party filing the documents shall serve notice upon all other parties that the

5   above procedure is being invoked *and Shall comply with Local Rule 79-5*

6       At the trial of this action or at any hearing relating to this action before any

7   judicial officer, subject to the rules of evidence and order of the Court, a party may

8   use any confidential information for any purpose, provided that adequate prior

9   notice of such use is given to counsel for the opposing party to permit the opposing

10  party the opportunity to obtain appropriate protection from the Court, including a

11  request to the Court that the courtroom be cleared of persons not subject to the

12  Order and that the Court employees be advised as to the terms of this Order.

13      **6.**    (a)    Each and every page or sheet of all transcripts of depositions,

14  exhibits, answers to interrogatories and requests for admissions, copies thereof,

15  other documents and all information obtained by an inspection of files, facilities or

16  documents by any party pursuant to pretrial discovery in this action that have been

17  designated by the other party as comprising or containing its confidential

18  information shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

19  and shall be retained by the receiving party's outside counsel and shall not be

20  disclosed or used by any non-designating party or other person other than those

21  listed below.

22      (b)    Confidential information shall not be disclosed to

23  any person other than (i) outside counsel for the parties to this litigation and office

24  personnel employed or engaged in the preparation for, or in aiding in the trial of this

25  action; (ii) a party subject to the provisions of subpart (c) below, unless the material

26  is marked "Highly Confidential;" (iii) independent outside persons (i.e., persons not

27  employees of a party), not to exceed five, requested by outside  counsel to furnish

28  technical or expert services or to give testimony with respect to the subject matter

1  for the trial of this action; (iv) the Court including necessary secretarial and clerical

2  personnel assisting the Court; and (v) the jury.

3        (c)     Each person to whom disclosure may be made  by outside

4  counsel for a non-designating party shall first be identified not less than ten (10)

5  business days before the disclosure, to outside counsel for the party designating the

6  information as confidential and shall, in a written instrument delivered beforehand

7  to such outside counsel, acknowledge that he (or she) is fully familiar with the terms

8  of this Protective Order and agrees in writing, to comply with, and be bound by,

9  such Order until modified by further Order of this Court or by agreement of the

10  parties hereto.

11        Outside counsel for the designating party shall have the right to object, in

12  writing within five (5) days after receiving the required identification, to such

13  disclosure to the person or persons selected by outside counsel for the non-

14  designating party and should such objection be made, no disclosure shall be made to

15  such objected to person without leave of the Court.  Material marked "Highly

16  Confidential" shall not be read or reviewed except by an attorney for a party or an

17  independent expert of a party.

18        **7.**     No person or party shall disclose to anyone not specified in Paragraph

19  "6" any information designated as confidential under this Protective Order, without

20  prior written consent of the designating party or further order of this Court.

21  Confidential information disclosed pursuant to this Protective Order shall not be

22  used by a recipient thereof for any purpose other than for purposes of preparing this

23  action for trial.

24        **8.**     The restrictions on dissemination of confidential information contained

25  herein shall not apply to information which, prior to disclosure hereunder, is either

26  in the possession or knowledge of an inspecting party or a person who, absent this

27  Order, is under no restriction with respect to the dissemination of such confidential

28  information or to information which is public knowledge or which, after disclosure,

6

06183.00/165005

to amend must be filed with the Court. This Protective Order is intended to regulate the handling of confidential information and documents during the pretrial period of this litigation, but shall remain in force and effect until modified, superseded or terminated on the record by agreement of the parties hereto or by order of the Court.

11. Upon final termination of this litigation, each party that is subject to this Order shall assemble and return to the producing party all items containing the producing party's confidential information produced in accordance with this Order, including all copies of such matter which may have been made, but not including copies containing notes or other attorney work product that may have been place thereon by counsel for the receiving party. All copies containing notes or other attorney's work product shall be destroyed promptly after final termination by the receiving party who will so inform the disclosing party. As an alternative to the return of all such confidential information, the recipient may destroy such confidential information. Promptly after the return or destruction of items containing the producing party's confidential information, the receiving party shall by letter certify that all items containing the producing party's confidential information have been returned and/or destroyed, respectively. Receipt of all material returned to the producing party shall be acknowledged in writing if requested by the receiving party and the receiving party has specified what has been returned by it. Notwithstanding the preceding sentences of this paragraph, one complete set of pleadings may be retained by each of the parties but any pleadings containing confidential information shall remain subject to all other provisions of this protective order.

12. Nothing herein shall prevent disclosure of any confidential information (1) by the producing party or (2) to any employee or officer of the producing party or (3) to any person, no longer affiliated with the producing party, who either authored, in whole or part, or who received the confidential information in confidence prior to the initiation of this litigation.

8

13.     Nothing in this Order shall be deemed a waiver of any right any party otherwise might have under the Federal Rules or the doctrines of attorney-client privilege or attorney work product privileges.

14.     This Order shall survive the final termination of this action with respect to any confidential information. The Court shall retain jurisdiction over the parties and counsel for the parties as necessary to enforce this Order.

DATED this 7th day of July, 2010.

Respectfully submitted by:

/s/ Robert D. Berglund, Esq.
Carlson & Messer LLP
5959 W. Century Blvd., Suite 1214
Los Angeles, CA 90045

and

/s/ Michael S. Agruss, Esq.
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025

**IT IS SO ORDERED:**

_____
UNITED STATES ~~DISTRICT COURT~~ JUDGE
                                    *MAGISTRATE*
Dated: *7/7/10*_____